IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACOB MACFARLANE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Case No. 2:25-cv-101<br>Criminal Case No. 2:23-cr-214<br><br>Judge Tena Campbell |

  Before the court is a stipulated motion to correct the sentence of Defendant Jacob MacFarlane under 28 U.S.C. § 2255. (ECF No. 1.) For the following reasons, the court grants the motion.

## BACKGROUND

  Mr. MacFarlane was charged with one count of Conspiracy to Distribute α-PHP (bath salts) in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Indictment, ECF No. 1 in Case No. 2:23-cr-214.) After Mr. MacFarlane pled guilty, the court sentenced him to 46 months in the custody of the Bureau of Prisons, followed by a 36-month term of supervised release. (Judgment, ECF No. 100.) Although he was charged with a conspiracy to distribute 250.3 grams of bath salts (see Presentence Report (PSR), ECF No. 96 at ¶ 19), a substantial part of the evidence in Mr. MacFarlane's case was seized and processed by one of two Homeland Security Investigations

1

(HSI) special agents who have now themselves been accused of a conspiracy to distribute bath salts. See United States v. Cole, No. 2:24-cr-415; United States v. Kindle, No. 2:24-cr-422.

Recognizing that at least some of the evidence underlying Mr. MacFarlane's conviction has been tainted by its association with the accused agents, the United States has agreed with Mr. MacFarlane's counsel that Mr. MacFarlane should no longer be in prison. To that end, the parties have filed the stipulated motion to correct Mr. MacFarlane's sentence that is now pending before the court.[1]

The parties have not asked the court to vacate Mr. MacFarlane's sentence—instead, they request that the court reduce the sentence to 20 months. The parties agree that "one of [the accused] agents participated in the investigation that led to charges against Mr. MacFarlane" and that this involvement "may have had an impact on the outcome of the case." (ECF No. 1 at 4.) The parties further stipulate that the reduced sentence is sufficient, but not greater than

---

[1] The parties first filed a stipulated motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 190 in No. 2:23-cr-214.) But the Tenth Circuit has held that the district court should not consider what is really a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255 as a motion for compassionate release:

> When a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is other subject to collateral attack," § 2255(a), the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.

United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir. 2023). Although Mr. MacFarlane's case is arguably distinct from the facts in Wesley, as the United States did not know about the alleged misconduct of the HSI agents until after the court sentenced Mr. MacFarlane, the court nevertheless finds that the requested relief here is more appropriately brought under 28 U.S.C. § 2255.

necessary, to satisfy the requirements of 18 U.S.C. § 3553(a) "based on the unique facts of this case." (Id. at 5.)

## LEGAL STANDARD

A prisoner who was sentenced by a federal court may move the sentencing court to vacate, set aside, or correct his sentence if the prisoner believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## ANALYSIS

As a preliminary matter, the court notes that Mr. MacFarlane's motion is timely. Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on § 2255 motions, see 28 U.S.C. § 2255(f), the statute does not begin running until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2255(f)(4). Here, Mr. MacFarlane could not have known about the charges against the HSI agents until an indictment was issued against one of those agents on December 18, 2024. (Indictment, ECF No. 19 in Case No. 2:24-cr-215.) Accordingly, Mr. MacFarlane filed his motion within the one-year statute of limitations.

The court also finds that the United States has waived any argument that Mr. MacFarlane procedurally defaulted his claim. The Supreme Court has held that a § 2255 petitioner procedurally defaults claims that are not raised on direct appeal: "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an

3

appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (cleaned up). Here, Mr. MacFarlane pled guilty and waived his appeal rights; he has never appealed his conviction. Nevertheless, the Tenth Circuit has found that the government may waive this procedural defense. See United States v. Hall, 798 F. App'x 215, 217 n.3 (holding the government to a waiver of a procedural default defense in a § 2255 motion); see also Seabrooks v. United States, 32 F.4th 1375, 1384 (11th Cir. 2022) (characterizing procedural default in the context of a § 2255 motion as an affirmative defense that may be waived). Because the United States does not raise a procedural default objection here, the court finds that Mr. MacFarlane need not take a direct appeal before seeking relief under § 2255.

Finally, the court notes that the United States has "waive[d] any argument it may have that this petition … is barred by Petitioner's appeal and collateral attack waiver[.]" (ECF No. 1 at 4.) Accordingly, the court may consider Mr. MacFarlane's motion despite his agreement to forego any collateral challenge.

Having disposed of these potential obstacles to relief under § 2255, the court may consider the merits of Mr. MacFarlane's motion. The parties stipulate that the new information about the HSI agents "is a reason for this court to correct Mr. MacFarlane's sentence" and suggest that a sentence of 20 months in the custody of the Bureau of Prisons, followed by 36 months of supervised release, is an appropriate sentence given these unique circumstances.

While rare, these circumstances are not unprecedented. In 2014, after he was discovered to be under the influence of drugs in an FBI vehicle, Special Agent (SA) Matthew Lowry was charged with and pled guilty to 64 counts of Obstruction of Justice; Destruction, Alteration, or Falsification of Records in Federal Investigation; Conversion of Property; and Possession of Heroin. Judgment, United States v. Lowry, No. 1:15-cr-34 (D.D.C. July 9, 2015); see also

4

United States v. Logan, Nos. 1:12-cr-59 & 1:13-cr-248, 2018 WL 5297812, at *2 (D.D.C. Oct. 25, 2018) (describing the FBI investigation into SA Lowry's misconduct).  The charges and eventual conviction against SA Lowry compromised numerous investigations and previously obtained convictions.  As a result, several defendants moved to vacate, set aside, or correct their sentences under § 2255.  In some cases, the United States District Court for the District of Columbia vacated the defendant's conviction and dismissed the underlying indictment.  See, e.g., Order Vacating Convictions, United States v. Scales, No. 12-cr-271 (D.D.C. Nov. 6, 2014) (vacating the convictions of eight defendants and dismissing without prejudice the indictments against them).  In other cases, the court found that the evidence that may have been tainted by SA Lowry's misconduct was not material to the defendant's conviction.  See, e.g., Logan, 2018 WL 5297812, at *6–7 (denying § 2255 motion because SA Lowry was not involved with the seizure of the relevant evidence).

In the cases reviewed by the court, relief under a § 2255 motion was an all-or-nothing proposition: either the court vacated a defendant's conviction, or it denied relief.  Here, the parties have not requested that Mr. MacFarlane's conviction be vacated; they merely ask that his sentence be reduced.  But although the court has not found a case directly on point,[2] the novelty

---

[2] The parties cite Cuevas v. United States, 778 F.3d 267 (1st Cir. 2015), in support of their request to correct Mr. MacFarlane's sentence. (ECF No. 1 at 4 n.2.)  But in Cuevas, the First Circuit ordered that the defendant be resentenced under § 2255 because the state court had vacated certain state convictions that increased both Mr. Cuevas's federal criminal history category and his mandatory minimum term of supervised release.  778 F.3d at 269.  The state court, in turn, had vacated the convictions (and, notably, not simply reduced Mr. Cuevas's sentences) due to misconduct on the part of a chemist who participated in the drug analysis leading to both convictions.  Id.  That case is therefore one step removed from the facts here, where Mr. MacFarlane asks the court to reduce his sentence—rather than vacate his conviction—due to the alleged misconduct.  Nevertheless, Cuevas does support a proposition that is helpful to Mr. MacFarlane: namely, that errors in the application of the sentencing guidelines that "result in a complete miscarriage of justice, or irregularities that are inconsistent with the rudimentary

5

of Mr. MacFarlane's suggested remedy does not imply that the court is without authority to grant his request. After a careful review of the factual record underlying Mr. MacFarlane's charge and subsequent guilty plea, the court finds that it is appropriate to reduce Mr. MacFarlane's sentence as requested rather than vacate his conviction entirely.

Mr. MacFarlane pled guilty to engaging in a conspiracy to distribute bath salts. But although the HSI agents processed a substantial amount of the drugs seized, there was other evidence that independently supported the existence of a conspiracy. This evidence came in the form of texts between members of the conspiracy, calendar entries, and phone calls made by Mr. MacFarlane while he was in jail. (See PSR ¶ 19.) The court sentenced Mr. MacFarlane under guidelines that corresponded to a conspiracy involving 250.3 grams of bath salts (a converted drug weight of 95.11 kilograms). (Id. ¶ 25.) Of that amount, 100.3 grams were seized by the HSI agents; the government calculated the remaining 150 grams based on the text messages, phone calls, and calendar entries. (Id. ¶ 19.) The court therefore finds that the accused agents were materially involved in the processing of some, but not all, of the evidence underlying Mr. MacFarlane's conviction. To avoid a miscarriage of justice, the court will resentence Mr. MacFarlane and disregard the 100.3 grams of bath salts seized by the HSI agents.

The remaining 150 grams of bath salts (a synthetic cathinone) have a converted drug weight of 57 kilograms. USSG § 2D1.1, comment. (n.8(D)). Using this amount, Mr. MacFarlane's revised base offense level is 18 instead of 22. USSG §§ 2D1.1(a)(5), (c)(11). Applying the same adjustments made in Mr. MacFarlane's original PSR yields a total offense level of 17. (See PSR ¶¶ 25–34.) And because Mr. MacFarlane has a criminal history category

---

demands of fair procedure" can amount to a cognizable claim under the "otherwise subject to collateral attack" prong of § 2255(a). Id. at 272–73 (cleaned up).

of VI (id. ¶ 52), his amended guideline range is 51 months to 63 months. That amended range is approximately 66% lower than his original guideline range of 77 months to 96 months. (See id. ¶ 83.) As a result, a corresponding reduction in Mr. MacFarlane's original sentence yields a revised sentence of approximately 30 months.

The parties argue that a somewhat lower revised sentence of 20 months is appropriate given the unique circumstances of this case. The court notes that Mr. MacFarlane has already served longer than 20 months based on his prior custody credit and his credit for good conduct time. The court has communicated with the Bureau of Prisons and determined that Mr. MacFarlane would have completed a 20-month sentence on approximately October 22, 2024. Accounting for additional good conduct time, he has therefore served nearly 25 months of his sentence and is scheduled to be released in 16 months, on September 5, 2026. These calculations show that Mr. MacFarlane has already served the substantial portion of the court's contemplated revised sentence of 30 months. The difference is not significant enough to justify continued incarceration, especially where the United States has stipulated to Mr. MacFarlane's immediate release. The time that Mr. MacFarlane has already spent in custody is sufficient to afford adequate deterrence, to reflect the seriousness of Mr. MacFarlane's offence, and to achieve a comparable sentence to a defendant with a similar record convicted of similar conduct. The court therefore finds that the requirements of 18 U.S.C. § 3553(a) are satisfied by a revised sentence of time served and will amend Mr. MacFarlane's judgment accordingly.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS the Stipulated Motion to Correct Sentence under 28 U.S.C. § 2255. (ECF No. 1.)

2.  The court reduces Mr. MacFarlane's sentence to time served, followed by 36 months of supervised release. All other aspects of the original sentence shall remain the same.

DATED this 27th day of February, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge